# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00319 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MATTHEW A BEAUDION (01)<br>JESSICA N DAVIS (02)<br>JUSTIN D JENKINS (03) | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Defendants Matthew Beaudion ("Beaudion") and Jessica Davis ("Davis") (collectively "Defendants") are before the Court on Motions to Suppress (Record Documents 55 & 56). Having thoroughly reviewed the record, including the written objections filed, the Court adopts the Report and Recommendation ("R&R") (Record Document 82) of the Magistrate Judge previously filed herein, subject to the modifications below. As a result, Defendants' motions (Record Documents 55 &56) are **DENIED**.

### Beaudion's Standing

In the R&R, the Magistrate Judge concluded that Beaudion has no standing to challenge the search at issue in this case. The Court agrees with, and adopts, this conclusion and the reasons provided in the R&R. However, the Court also notes that even if a reviewing court determines that Beaudion has standing to challenge the search, his motion (Record Document 55) should be denied for the reasons provided in the R&R and the present Memorandum Order for the denial of Davis's motion (Record Document 56). Therefore, Beaudion's motion (Record Document 55) is **DENIED**.

**Stored Communications Act (18 U.S.C. § 2703)**

In Davis's motion to suppress (Record Document 56), she argues that the Louisiana state court judge (the "state judge") acted in violation of Louisiana Code of Criminal Procedure Article 161 by issuing a warrant to search a thing(s) outside of his territorial jurisdiction. Because of this, Davis seeks the suppression of the evidence obtained as a result of the search performed pursuant to the allegedly invalid warrant. The Government responds that Article 161, read together with 18 U.S.C. § 2703 ("§ 2703"), authorized the state judge to issue the search warrant in this case, even if the thing searched was outside of his territorial jurisdiction. The Magistrate Judge refused to consider the Government's argument on § 2703. See Record Document 82 at 7, n. 4. Instead, the Magistrate Judge concluded that even if the warrant issued by the state judge was in violation of Article 161, this violation did not reach the level of a Fourth Amendment violation, and thus the evidence obtained as a result of the search should not be suppressed. The Court agrees with the Magistrate Judge's conclusion. However, the Court modifies the R&R to include an additional basis for denying the motion to suppress, namely that § 2703 authorized the state judge to issue the warrant to search outside of his territorial jurisdiction.

Article 161(A) states, "a judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court . . . ." Thus, under section (A), a judge may only issue a warrant when the thing to be searched is within the court's jurisdiction. However, section (C) of that article states, "[a] judge may also issue a search warrant in all other cases specifically provided by law." Here, the state judge was authorized by § 2703.

> 18 U.S.C. § 2703(c)(1)(A) provides:
>
> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service only when the governmental entity . . . obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction."

A court of competent jurisdiction includes "a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants." 18 U.S.C. § 2711(3). It is undisputed that the state court from which the warrant was issued is a "court of competent jurisdiction" for purposes of this statute. Additionally, it is undisputed that the Louisiana warrant procedures were followed.

Therefore, even if the thing to be searched was outside the state judge's territorial jurisdiction, the warrant was valid. The plain terms of § 2703, along with Article 161(C), dictate this result. See U.S. v. Scully, 108 F.Supp.3d 59 (E.D.N.Y. 2015) (finding that § 2703(a) authorizes electronic search warrants by a federal magistrate judge that extend outside his or her district); see also Hubbard v. MySpace, Inc., 788 F.Supp.2d 319 (S.D.N.Y. 2011) (finding that § 2703(a) allowed a state court to exceed its territorial jurisdiction in issuing a warrant).

Alternatively, the Court adopts the reasons for denying Davis's motion (Record Document 56) set forth in the Report and Recommendation. Specifically, even if the warrant was issued in violation of Article 161, this does not rise to the level of a Fourth Amendment violation requiring suppression of the evidence in this case.

**DECREE**

For the reasons assigned in the Magistrate Judge's Report and Recommendation, as modified above,

**IT IS ORDERED** that Defendants' Motions to Suppress (Record Documents 55 & 56) are hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT