UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00319-01 |
| | CIVIL ACTION NO. 21-1374 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MATTHEW A. BEAUDION | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Matthew A. Beaudion ("Beaudion"). See Record Document 153. The United States of America ("the Government") opposes the motion. See Record Document 156. Beaudion has filed a reply. See Record Document 157. For the reasons set forth below, Beaudion's motion is **DENIED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In the summer of 2017, officers with the Monroe Police Department began investigating Beaudion and his girlfriend for methamphetamine distribution in Ouachita Parish after several dealers had identified the couple as their suppliers. See Record Document 56-1. In one particular post-arrest interview, a dealer informed officers that the couple routinely traveled to Houston, Texas in order to meet their supply needs. See id. On August 15, a different dealer informed officers that the couple was presently in Houston purchasing approximately four pounds of methamphetamine. See Record Document 78. The dealer allowed police to listen in on a phone call to Beaudion's girlfriend's cell phone setting up a purchase once the couple returned to Monroe. See id. Police used this information to obtain a search warrant for GPS coordinates of the cell

phone for a sixteen-hour period, in order to track the couple's movements. See id; Record Document 56-1.

Officers called the cell service provider for updated locations six times during this period. See Record Document 56-1. The final update showed the couple was in Shreveport, and officers proceeded to place agents along the expected travel route to Monroe. See id. The vehicle was stopped in Ouachita Parish for a traffic violation shortly before 11:00 PM, and officers recovered approximately 690 grams of methamphetamine, along with marijuana and two cell phones appearing to belong to each occupant. See id. The couple and a third individual were later indicted for conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. See Record Document 1.

Beaudion moved to suppress the evidence recovered from the traffic stop as the result of an unlawful search of cell phone records. See Record Document 55. Magistrate Judge Hayes denied the motion in a Report and Recommendation, finding Beaudion lacked standing to challenge the GPS search of his girlfriend's phone. See Record Document 82 at 6. Judge Hayes also found, alternatively, that the good-faith exception would apply if the warrant authorizing the search was deficient. See id. at 9-11. After considering Beaudion's objections, the Court adopted the Report and Recommendation.[1] See Record Document 88.

With his suppression attempt unsuccessful, Beaudion accepted a conditional guilty plea on April 10, 2019, reserving his right to appeal the denial of his motion to suppress.

---

[1] The Court additionally discussed a jurisdictional issue surrounding the Stored Communications Act, 18 U.S.C. § 2703. See Record Document 88. However, this argument was raised only by Beaudion's girlfriend and thus did not impact the adoption of the Report and Recommendation as to Beaudion.

See Record Document 105. On August 7, 2019, Beaudion was sentenced to 120 months in prison. See Record Document 126. He invoked his right to appeal immediately thereafter. See Record Document 132. On December 2, 2020, the Fifth Circuit affirmed, holding Beaudion indeed did lack standing to contest the search of his girlfriend's phone. See Record Document 152; United States v. Beaudion, 979 F.3d 1092 (5th Cir. 2020). The instant § 2255 motion was filed on May 20, 2021. See Record Document 153.

## LAW AND ANALYSIS

Beaudion challenges his conviction on only one ground—ineffective assistance of counsel. See Record Document 153. Beaudion argues his counsel failed to raise "a competent Fourth Amendment suppression motion," specifically questioning his counsel's decision to argue he had standing for the search of his girlfriend's cell phone because he sometimes used it rather than arguing the cell phone was shared between the two. Record Document 153-1 at 4. Beaudion also argues that his counsel—after establishing standing—should have contested the search warrant's validity because of a lack of information surrounding the confidential informant to support probable cause. See id. at 5.

The Government argues that Beaudion's counsel did in fact argue numerous times that his client had an ownership interest in the cell phone. See Record Document 156 at 12. Regardless, the Government emphasizes that the Fifth Circuit rejected any possible co-ownership argument. See id. In opposing Beaudion's argument regarding the warrant itself, the Government stresses Judge Hayes' finding that the good faith exception would apply, and additionally argue that the totality of the circumstances indicate that the warrant was based on sufficient facts. See id. at 13-14.

**I.     Legal Standards**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687-88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F.3d 837, 839 (5th Cir. 2003)). In order to prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id.

at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F.3d 811, 815 (5th Cir. 2000).

## II.  Analysis

As an initial matter, Beaudion lists all three of his attorneys as targets of his ineffective assistance of counsel claim. See Record Document 153. However, his allegations are directed only towards his first counsel, Cameron Murray ("Murray"), who handled his motion to suppress and represented Beaudion through his guilty plea. See Record Document 153-1. Consequently, the Court will not analyze the actions of Beaudion's attorneys at sentencing and on appeal.[2]

Beginning with the issue of standing, the Court agrees with the Government that Murray did argue his client maintained an ownership interest in his girlfriend's cell phone. The record reflects Murray argued on behalf of Beaudion's ownership of the cell phone in both his post-hearing brief and his objections to the Report and Recommendation. See Record Documents 80 & 86. The suppression hearing transcript also reveals Murray's attempts to bolster this argument through his questioning of Beaudion's girlfriend regarding his client's purchase, unencumbered use, and frequent possession of the cell phone. See Record Document 78. Murray's performance cannot be said to have fallen below the standard of objective reasonableness, as he pursued suppression of the incriminating evidence diligently through multiple avenues, including the very theory that Beaudion argues he failed to address. Moreover, Beaudion would also be unable to establish prejudice even if Murray did err in his representation, as both Judge Hayes and

---

[2] Nevertheless, Beaudion's lawyer at his sentencing could not have raised the suppression issue and the work of his lawyer on appeal forced the Fifth Circuit to grapple extensively with the issue.

the Fifth Circuit explicitly rejected the idea that Beaudion was a co-owner of the cell phone at issue. See Record Documents 82; Beaudion, 979 F.3d at 1099. Accordingly, Beaudion fails to demonstrate Murray violated either prong of a Strickland analysis.

Beaudion's additional argument that Murray failed to challenge the search warrant's affidavit for containing insufficient information about the informant is similarly without merit. Judge Hayes held, alternatively to a lack of standing, that even if the warrant was invalid, the good faith exception would apply. See Record Document 82 at 10. Judge Hayes wrote, "the affidavit is not 'bare bones,' but contains sufficient facts to support a finding of probable cause." Id. at 11. This Court agreed with that assessment then, and still does now. See Record Document 88. Multiple dealers had implicated Beaudion and his girlfriend as methamphetamine dealers in Ouachita Parish, including one who advised officers of the couple's routine replenishment trips to Houston in a post-arrest interview. See Record Document 56-1. The totality of this information, coupled with the informant's speaker phone call, provided ample factual support for a GPS search warrant backed by probable cause. Beaudion cannot demonstrate potential prejudice by Murray's failure to press this issue.

## CONCLUSION

For the stated reasons, Beaudion's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Record Document 153) is hereby **DENIED**. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section

2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 8th day of September, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT